UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**PRINCETON S. VALLO**   :   DOCKET NO. 2:17-cv-719
  DOC #130190/512598         SECTION P

**VERSUS**   :   UNASSIGNED DISTRICT JUDGE

**KEITH COOLEY, ET AL**   :   MAGISTRATE JUDGE KAY

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 1] filed *in forma pauperis* by *pro se* plaintiff Princeton S. Vallo ("Vallo"). Vallo is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Caddo Correctional Center in Shreveport, Louisiana. However, his claims relate to events that occurred while he was incarcerated at Allen Correctional Center ("ALC") in Kinder, Louisiana. Vallo names the following ALC personnel as defendants herein: Warden Keith Cooley, Rachel Courville[1], Travis Jackson, Lieutenant Ash, Lieutenant Strother, Nurse West, Sergeant Dixon, M.D. Hurst, Major Victorian, Major Soileau, Fire Marshal Inspector Sergeant Griffin, Warden Allemand, and Warden Estes.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

For reasons stated below, **IT IS RECOMMENDED** that Vallo's complaint be **DISMISSED WITH PREJUDICE.**

---

[1] Vallo previously identified Rachel Courville as an ARP screening officer at ALC. *See Vallo v. Cooley*, No. 2:16-cv-1359 (W. D. La.), doc. 1.

# I.
## BACKGROUND

Vallo complains about the lack of ladders "to climb up & down from the top bunk" in certain ALC cells. Doc. 1, p. 3. He states:

> [a]fter trying to climb up & down from the sink to the toilet to the floor with a torn acl, I ended up slipping backward on my head, busting it, leaving a permanent scar on my head (knocking me completely unconscious) & a big scar on my shin bone as well. I don't have feeling in my shin anymore & my head is now having hard banging on-going headaches & migraines . . . .

*Id.* Vallo did not provide the date on which the alleged fall occurred. He further alleges:

> [N]urse West & M.D. Hurst did a terrible painful job on my knee & leg instead of sending me to the outside hospital, Ms. Dixon put me in a nasty cell with openly fresh wounds for over 4, 5 hours until M.D. Hurst came up there with a stapler & stapled my head & shin. He failed to put me on any pain meds or penicillin nor give me a CAT scan or an [sic] concussion check. I've [been] experiencing dizziness, constant migraines & memory loss.

*Id.* at 4.

Finally, Vallo maintains that "Major Vic, Soileau & Head Warden Cooley & Fire Marshal Inspector Griffin, Warden Allemand & Estes, all knew of this safety hazard because they've been working their [sic] at ALC all over 10, 15 years & several inmates have hurt themselves trying to climb down . . . ." *Id.* Vallo also contends that defendant Courville did not respond to his grievance. *Id.* at 2.

As relief, Vallo asks to "[i]njunct GEO to relief $100,000 in punitive damages & $250,000 in punitive damages & put ladders in every cell . . . & issue every inmate with a [d]uty restriction or bottom bunk pass, their own copy . . . ." *Id.* at 4.

## II.
## LAW & ANALYSIS

### A. Frivolity Review

Vallo has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Doc. 8. This Act directs a district court to dismiss an action if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### B. 42 U.S.C. § 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of

state law, that is, that the defendant was a state actor. *West v. Atkin*, 108 S. Ct. 2250, 2254-55 (1988).

### C. Conditions of Confinement

Vallo's allegations regarding the lack of a ladder in his cell implicate his right, under the Eighth Amendment, to be free from cruel and unusual punishment in the form of unconstitutional conditions of confinement. This right, however, requires only that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

Eighth Amendment violations based on official conduct other than a penalty formally imposed for a crime embody both a subjective and an objective component. *Wilson v. Seiter*, 111 S. Ct. 2321, 2323-24 (1991). The objective requirement necessitates that the inmate allege a sufficiently serious deprivation. *Id.* at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (quoting *Rhodes v. Chapman*, 101 S. Ct. 2392, 2399 (1981)) (citation omitted).

The subjective component requires that a prison official act with a sufficiently culpable state of mind. *Farmer v. Brennan*, 114 S. Ct. 1970, 1977 (1994). A prison official's culpability is measured by deliberate indifference, which is defined as "know[ing] of and disregard[ing] an excessive risk to inmate health or safety." *Id.* at 1977-79. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind;" thus the test is "[s]ubjective recklessness" as used in criminal law. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). Accordingly, negligence and even gross negligence do not implicate the

Constitution and thus do not provide a basis for a § 1983 claim relating to conditions of confinement. *Farmer*, 114 S. Ct. at 1978 & n. 4.

Applying the above principles to the present case, we find that Vallo's allegations based on ALC's failure to provide a ladder simply do not rise to the level of an Eighth Amendment violation. While the lack of a ladder is not perfect, this condition does not amount to cruel and unusual punishment and instead amounts to negligence at best. *See Armstrong v. Terrebonne Parish Sheriff*, No. 2:06-cv-573, 2006 WL 1968887, at *6 (E.D. La. Jun. 6, 2006) (finding that plaintiff's allegations of defective bunks gave rise to "[a]t best . . . a garden variety tort claim" and did not support a § 1983 action); *see also Van v. Caldwell Corr. Ctr.*, No. 3:17-cv-532, 2017 WL 3047847, at *2–3 (W.D. La. June 13, 2017) (rejecting § 1983 claim based on inmate's fall allegedly resulting from improperly installed bunks and lack of ladders), *report and recommendation adopted*, No. 3:17-cv-532, 2017 WL 3044659 (W.D. La. July 18, 2017).

Vallo's allegations indicating that defendants Cooley, Victorian, Soileau, Griffin, Allemand, and Estes are responsible for his fall do not rise to the level of a constitutional violation. Instead, his allegations amount to negligence at best, which cannot support an Eighth Amendment claim. Accordingly, this claim and defendants Cooley, Victorian, Soileau, Griffin, Allemand, and Estes should be dismissed.

### D. Medical Care Claims

Vallo claims that defendants West and Hurst provided him with inadequate medical care, and that defendant Dixon placed him in "a nasty cell" after he sustained injuries from the fall despite that he had open wounds. Doc, 1, p. 4. Medical care claims asserted by convicted prisoners are also analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to show a constitutional violation relating to their medical care, convicted prisoners must

establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 97 S. Ct. 285, 292 (1976). Accordingly, "[a] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (citation omitted). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotations and citation omitted). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cnty., Texas*, 245 F.3d 447, 459 (5th Cir. 2001) (citation omitted). "However, a prison official's knowledge of a substantial risk of harm may be inferred if the risk was obvious." *Easter*, 467 F.3d at 463.

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the court stated that the test "in balancing the needs of the prisoner against the burden on the penal system . . . is one of medical necessity and not one simply of desirability." The fact that a course of treatment was unsuccessful or that a prisoner disagrees with the treatment chosen does not elevate a claim to a constitutional dimension. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Furthermore, the fact that a plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

Vallo has failed to present non-conclusory allegations of a subjective intent to cause harm in this matter. The facts of this matter do not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly or wantonly disregarded his medical needs. Vallo's dissatisfaction with his treatment does not render this a constitutional claim. Accordingly, Vallo fails to state a claim under § 1983 and his medical treatment claims should be dismissed.

### E. Grievance Procedure

Vallo asserts that defendant Rachel Courville failed to respond to the grievance that he filed. Doc. 1, p. 2. In *Sandin v. Conner*, 115 S. Ct. 2293, 2301–02 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. *See also Taylor v. Cockrell*, 92 Fed. App'x 77, 78 (5th Cir. 2004) (holding that prisoner's "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."). Accordingly, without infringement on a federally protected liberty interest, "any alleged due process violation arising from the alleged failure to investigate . . . grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Vallo's allegations with regard to the grievance procedures point to no protected liberty interest. Therefore, he shows no right to relief under this claim and it should be dismissed.

### F. Travis Jackson, Lieutenant Ash, and Lieutenant Strother

Vallo does not allege constitutional violations on the part of the above defendants. He merely lists Travis Jackson and Lieutenant Ash in a group of officers that "have no list, document, or roster with which inmate is assigned to a 'bottom' bunk duty status." Doc. 1, p. 3. Lieutenant Strother is listed as a defendant but it does not appear that Vallo makes any claims against him. Thus, defendants Jackson, Ash, and Strother should be dismissed.

### G. *Injunctive Relief*

As previously stated, Vallo has been transferred from ALC.

The law is clear that the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief); *see also Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (even if plaintiff had established an Eighth Amendment violation, his transfer from the offending institution rendered his claims for declaratory and injunctive relief moot as "the possibility of transfer back to [the offending institution] is too speculative to warrant relief"). Therefore, his claims for injunctive relief should be dismissed as moot.

### H. *The GEO Group, Inc. ("GEO")*

Vallo does not name GEO as a defendant. However, he seeks relief (punitive damages and injunctive relief) solely from GEO. Doc. 1, p. 4. Even if GEO had been sued, Vallo's stated claims would not support a finding of entity liability. It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, have failed to train or supervise the officials directly involved in circumstances amounting to deliberate indifference to the plaintiff's rights, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Brown v. Bolin*, 500 F. App'x 309, 314 (5th Cir. 2012) (internal quotations and citations omitted); s*ee also Cozzo v. Tangipahoa Parish Council—President Gov't*, 279 F.3d 273, 289 (5th Cir. 2002). Vallo but has not alleged personal

involvement, any failure to train, or that GEO implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. These claims should be dismissed.

### I. Punitive Damages

Vallo seeks punitive damages against GEO. Punitive damages are available in a § 1983 case only "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 103 S. Ct. 1625, 1640 (1983); *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003). Vallo makes no assertion of such intent by any party. Accordingly, his allegations do not support a claim for punitive damages.

### III. CONCLUSION

While a *pro se* litigant should ordinarily be given an opportunity to amend his complaint before it is dismissed, leave to amend is not required if the plaintiff has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 1998) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). In this matter, it is clear that Vallo cannot state a claim under applicable law and that leave to amend will not cure the deficiencies in his allegations.

Therefore, for reasons stated,

**IT IS RECOMMENDED** that Vallo's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 9th day of November, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE